The Honorable the judges of the United States Court of Appeals for the Fourth Circuit oh yeah oh yeah oh yeah all persons having any manner or form of business before the Honorable the United States Court of Appeals for the Fourth Circuit are admonished to give their attention for the court is now sitting God save the United States and the Honorable Court. Good morning Mr. Holland you may proceed. Thank you your honor and this is my first time doing a virtual argument I just want to make sure sir if I if I may that everyone can hear me. Yes very clear audio and video. Thank you sir this is a matter of my name is Josh Howard from Gaiman Howard and Zasatarsky in Raleigh North Carolina and I represent Trevor Soloff in this matter where our goal is for you to vacate and remand the sentence. We believe the sentence was both procedural procedurally and substantively unreasonable but I also recognize that the court may be very interested as to why you can hear this matter in the first place. There was an argument and if I may I would speak to that first. Ultimately our argument your honor is that the district court did not handle the plea the plea hearing and as a result it came to be that the district court never actually accepted the plea agreement formally or properly as we believe the law mandates and should mandate. Ultimately that creates both harm for Mr. Soloff but also the opportunity for this court then to review the procedural and substantive reasonableness of his sentence. There are excuse me Diana Moss can I just want to be sure you're not making any claim that he didn't that your client didn't agree to the to the to the agreement. We recognize that he voluntarily and well if that's the case and we should do what you wish but not find it substantively or procedurally unreasonable but just find this one flaw you would send it back and the district court presumably would expressly adopt the plea agreement. So is there a purpose in doing that? We believe there are arguments that the district court did not which goes to our second and third arguments your honor the district court did not pay pay enough attention to it's it's basically the substantive and procedural reasonableness of the sentence we would like to give him a second chance to get to get that right. Right I understand that and that's part of your argument here but if we should that the sentence was substantively and procedurally reasonable but that the contention you make with respect to the judge directly and expressly adopting the plea agreement has merit so we send it back just for that reason the only remedy would be for the district court to expressly adopt the plea agreement so what purpose would that have? Your honor we would think that if you send it back he would have to engage in re-sentencing defendants at all. Okay can I can I just follow up on that counsel because this may be the same question in which case I apologize so if you just assume for a moment hypothetically I thought it was pretty ambiguous as to whether or not the district court actually accepted this plea or not the premise of your brief seems to be that the remedy for that would be that we would declare we would sort of declare this plea agreement non-binding non-enforceable so that the the waiver would no longer bind your client but and maybe this is the same question Judge Motz is asking if we thought it were ambiguous why wouldn't we send it back and let the district court say one way or another whether he's except it is accepting or rejecting the plea agreement? We believe sending it back includes both as part and parcel whether or not he's accepting the plea agreement and then re-sentencing the defendant on the substantive and procedural merits. Well but the problem with that answer is that in answer to my first question you said you made no claim that your client didn't enter a valid plea agreement that isn't your claim at all so if you've conceded that he entered into a valid plea agreement I don't see why the district court would re-sentence. Your honor we need to be clear about that we believe that he knowingly and voluntarily entered the Mr. Holland you need to repeat what you just said your words will gobble for that about five seconds. I'm sorry your honor I want to be clear that we recognized that he knowingly and voluntarily attempted to enter a plea agreement but the district court never properly accepted it and as such he could be stuck in an asymmetrical scenario where the government has the has none of that ran towards him and as such if it were to go back to the district court we believe that he would then have to re-sentence him on the issues that we've raised as to procedural and substantive reasonableness. But counsel I don't think you quite followed Judge Mott's scenario to the question. The substantive claims you make procedural and substantive due process violations that we resolved and saying that no there were none. The question is if it went back for remand what could the district court do other than just reject or formally accept the plea agreement since you have made no claim that there was any invalidity in the plea? That's the simple question what could it do more? I know what you wanted to do but are you saying you had the whole panoply including the right to withdraw the plea if we send it back for that narrow purpose? Do you have a right to withdraw it? Take that question. Your honor I don't know that we do after the rule 11 colloquy with the magistrate judge in this matter to withdraw it but it's just not been accepted by the district court which is what empowers your court to review the substantive procedural reasonableness arguments. Absolutely and that window being open if we dispose of it and you hope not unfavorable to your client isn't the window closed to all Your honor we we believe that if the if the court is has not accepted the plea formally then it needs to re-sentence the defendant in full. All right go ahead you may proceed. I'm sorry because I am confused sorry I start here again so what you're saying if I understand right is that right now the window is open the waiver is not operative so we could review this sentence is that but if we were to affirm the sentence we should still send it back and let the district court and the district court would then either accept or reject the plea and also re-sentence? I think the window is, I'm so sorry, the virtual thing there was a delay there I did not mean to interrupt. Oh no I was done. We believe the window is open for you because of the realities of the plea agreement not being accepted by the district court. We believe the window is open for you to examine the procedural and substantive reasonableness and as you know if you find errors there as we hope you will and we believe there are then we would have to do more than one thing. We would have to re-sentence the defendant in full and pay attention to the argument that we feel were not paid enough attention to under Blue and Ross and Caprizo. Counsel, Diana Watts again. I guess I don't understand what the basis would be for such a procedure. For example, if we find a defect in a sentence that would require a court to look at the entire sentence in other words there are challenges to other parts of the sentence we send it back and the district court often will have the authority to look at the whole sentence but you don't claim any defect to the other parts of the sentence except for this one I mean if you had said that I didn't enter the sentence and he got the wrong I know he got the wrong guideline range but you don't say that so what basis would we have your man has already said that he agrees with the sentence the underlying sentence that was given I just don't see what we could do for you your honor I'm not sure that I'm totally following your question we don't agree with the sentence we believe the judge paid too little attention to a number of mitigating factors but your man agreed to it back in the day you told me that that was the first thing out of your mouth that you didn't challenge anything but the lack of the district court to adopt the plea agreement informally I am sorry if that if I miscommunicated that we don't deny his guilt or his guilty plea and we don't seek to withdraw that or that he signs a plea agreement he empowers you to examine the reasonableness both procedurally and subsequently of the Senate and we would hope that it would go back to the court for resenting based on your examination of the procedural realty well what mr. mizal let's let's put it this way do you agree that in this posture as the of the sentence now yes your honor and I believe we did no I'm not right you did so if we resolve those in a way this unfavorable to you how do you get another bite at the apple for other issues of sentencing not raised well that's a fair question and and we believe that you have the power because there's the threshold issue in this whole text is could it be just the appeal of the whole appeal be dismissed because the appellate well that's in the plea agreement that we believe was never except about this you your report has the ability recognize it was not accepted by this report and then examine the procedural and some reason and I'm terribly afraid I've not answered your question but I okay all right you may want to you want to unless there are other questions on this you may want to get to some of your arguments for the substance in the procedural unreasonableness thank you your honor as the procedural unreasonableness we think they're manifest ultimately this was the and that most difficult kind of case of child pornography where he engaged in phenomenal and remarkable act of rehabilitation and they were elaborated as he had on bail until he was indicted fairly. Counselor I can't hear you okay I can't hear that I'm sorry your honor I'll lean in I'm sorry if that makes my picture look even the worst than I normally am. No you look great. So this is a defendant that filed on state bond before the federal charges took over had really committed his whole life to curing the pathology that was within it this is not your everyday bank robbery or other case where the motivations are just greed or anger it's something that can be cured or at least can be rehabilitated and he had done so much in the brief but also in the joint appendix and and the court gave that we feel very short trip in a to an extent that violates blue and Ross and other of your decisions that require the district to make an individualized sentence and it adds to also the enhancement for a using a computer or there's a kind of attempt is now just it's not entirely clear to that but the government has noted in their brief that some point the district judge said well some judges in some places for the period and that they may be correct but they may not be correct about whether or not that was the district judge and where it's not clear we feel that that the standards of this for for an individualized and it's gonna see that my time is up so I'll be glad to answer any questions thank you thank you mr. Howard we're here from the government good morning may it please the court Christine Fritz on behalf of the United States today we're asking this panel to from the beginning this federal prosecution had a negotiated resolution the relevant terms of the plea agreement were reviewed by counsel were reviewed by the magistrate judge during the rule 11 the parties and the court acted in conformity with the plea agreement and we believe that the record reflects that the court accepted the plea agreement even if it never made an explicit statement that it had unconditionally done so if however the defendant is correct that there was no plea agreement accepted we don't believe that the remedy is excising the appellate waiver as the defendant requests either we would think that there should be a limited remand for clarification and further proceedings or alternatively if the defendant's position is that there is no plea agreement and that he is not bound by the appeal waiver that was explicitly reviewed by the magistrate judge and he wants to be relieved of that obligation because in his opinion there's no plea agreement then that should hold true for both parties now we think that the record shows that the court accepted the plea agreement yes when the court signed the agreement following the magistrate judge's rule 11 the court added a condition subsequent saying that it's acceptance of the PS of the plea agreement was deferred pending review of the PSR the court reviewed the PSR and it did not take the steps that rule 11 outlines to explicitly reject the plea agreement the PSR recounted the fact that the parties had entered into a plea agreement that negotiated the resolution of this case from up front it detailed the impact the plea agreement had and the court without any objection from either party adopted the PSR beyond that what is the miss miss Fritz good morning good to see you um the court said conditionally approved final acceptance is deferred pending receipt of the PSR and you just told us the district court accepted the PSR what language do we have that says that that the court accepted the PSR yeah at the beginning of this sentencing hearing the court asked the defendant and defense counsel whether it had received and reviewed the PSR it also indicated that it was familiar with the PSR and the court stated that it was adopting the PSR except as to matters disputed in the addendum and confirmed that there continued to no longer be any matters disputed in the addendum beyond that we also have the statement of reasons that reflects the district courts and conditional acceptance of the PSR can you tell me when did these various statements take place I just thought this was a very odd thing to say that final acceptance is deferred pending receipt of the PSR so if this statement was made before the district court had the PSR right correct conditionally approved yes okay and then a month later how what happened then and then at some point obviously after the after the rule 11 and the defendant's guilty plea the probation office undertakes its review of the PSR and eventually there's the drafts exchange and then the court does receive and review it prior to the sentencing hearing and then I think what we have here are the court statements at the beginning of the sentencing hearing obviously reflecting that it had received and reviewed the PSR but I don't think that our argument doesn't rest simply on the references to the court's acceptance of the PSR we just think that that is a piece of the evidence showing the totality of the circumstances that this was in fact accepted beyond that during the court sentencing explanation we have the fact that the court highlighted that the defendant promptly accepted responsibility and pleaded guilty pursuant to a plea agreement when the court was reviewing with the defendant his appellate rights the court specifically stated you signed a plea agreement and I believe based on the sentence you received the appeal waiver would apply but you can present what challenges you believe are appropriate to the appellate court after the sentencing the court implemented the restitution order which references the and as I was reviewing and preparing for this it occurred to me that I think the restitution order is actually pretty important to whether or not the court accepted this plea agreement because if you'll notice the criminal information covered one infant victim and it is black letter law that you cannot award restitution to victims who are not victims of the count of conviction absent a plea agreement and the defendants acceptance of that term here we have a restitution order where the court awarded restitution 12 different victims and we know for a fact only one victim is covered in the in the criminal information so when you look at all of this together we think that it is absolutely clear that the district court accepted this plea agreement. Can I ask a question as Judge Harris so um your colleagues started by pointing out that the district court wasn't the one who did the rule 11 colloquy in this case there were two different people sort of a division of labor and I will say that that's what troubles me about the case the possibility I mean I agree with you that there's nothing to suggest that the district court rejected this plea agreement and it seemed to operate consistent with the plea agreement but I worry that when you have two different people stuff can fall through the cracks and it's possible the district court just thought I don't have to accept or magistrate did it and so that's my concern and when he says you know you did enter into a plea agreement in light of your sentence I believe that you've waived your right to appeal your sentence the I believe sort of stuck out to me like it's not obvious that he is doing sort of the careful read you would expect to be done in the process of actually accepting the plea agreement so that's my concern that there are two different people here and when you bifurcate responsibility that way there's the possibility that nobody gets around to actually doing the formal acceptance. In response to that I'd like to point out that the magistrate judge during the rule 11 stated that it conditionally approved the plea agreement and a couple of days actually lapsed after which the district court itself signs the plea agreement and I would suggest that this indicates obviously that the district court reviewed and signed the plea agreement. I there there are times when a defendant may be able to argue that an appeal waiver may be able to successfully argue that an appeal waiver does not apply for whatever reason and I think that it is prudent for the district court to simply say I believe that based on the sentence that this would fall within the scope of the appeal waiver as opposed to telling the defendant something that when challenges are presented to this court might not hold true. I think that the court's law repeatedly focuses on the totality of circumstances when deciding whether to whether appeal waiver is valid and when you look at the totality of the circumstances here we think the plea agreement was accepted and the appeal waiver was valid. It was discussed it was discussed by the between the defendant and his counsel beforehand he represented that he discussed the plea agreement the magistrate judge reviewed the critical terms of the plea agreement the magistrate judge read the entire appeal waiver into the record and said do you understand this do you agree to this and we now have a even on appeal it would seem to me that the defendant is not trying to get out of the plea agreement. He seems to want the plea agreement but not want the appeal waiver that was discussed specifically and I'm sorry can I just ask you a question if just assuming hypothetically I thought it was ambiguous what happened here and whether the district court accepted the I want to know what you think would follow from that because I can imagine one rule might be look if it's ambiguous you should probably just presume he accepted it because he didn't reject it one rule or or you might say well if it's ambiguous then I guess you can't enforce the agreement but send it back right now to the district court before you reach the merits and let the district court clarify the ambiguity and say whether or not it's accepting the might be well if it's ambiguous don't enforce the plea waiver and go ahead and reach the merits. If the court I think I'm assuming based on your hypothetical that you have found that any other statements or conduct by the court still don't resolve your question. Okay I think then the appropriate thing at that to send it back for a limited remand for the district court to clarify because the parties need to know whether they have an agreement or not and I think it's very clear that the parties operated under the belief that this is the plea this is an agreement between the two again this from the beginning was a guilty plea to a criminal information the parties negotiated the if the question is whether a plea agreement that is binding on both parties and all respects exists I think then the appropriate thing to do if at that juncture in time you're still left with questions the appropriate thing to do is to send it back. Can I ask you have have you ever seen this in your court before this conditionally approved but I've never seen this before final acceptance is deferred pending receipt of the PSR? Yes actually for the district judge who handled this for Judge Dever it is generally his practice to wait until after review of the PSR to formally accept or reject the plea agreement especially in cases where it is a plea agreement that agrees to dismiss or forego charges. Then there is does he do something after that after he receives the PSR is this is his usual practice? I think that normally the I think that in most of the cases that I have seen of his early on during the rule 11 or during the sentencing hearing which isn't here clear which isn't stated here that the court does specifically say early on in the proceeding that the defendant did plead guilty pursuant to a plea agreement so that this idea of the plea agreement is introduced up front I I think that it would be a better practice and in some of the cases that I noted in my rule 11 or in my 28 J letter it would be better practice for it to be an explicit statement of I am now unconditionally accepting the PSR. But it's your representation to us that this is his usual practice and he doesn't circle around and make a specific statement is that right? It is my statement that his usual practice is to defer acceptance. And without circling around at the end to say I now adopt it. Honestly that particular issue hasn't come up I would argue that the failure to make an explicit statement of accepting the plea agreement means that the plea agreement is ineffective or executory. I've not had costs to look at that. I would think the government would be just as interested in having knowing whether the plea agreement is actually effective as the defendant. I would agree with you and I can assure you that that is being communicated within our office to try to to try to make sure that we avoid this sort of scenario this sort of argument. But again for the purpose of this case we think that all of the court's statements during and after the sentencing hearing as well as it's awarding restitution to victims beyond the count of conviction all of this shows that the agreement was accepted and I think also the party's conduct. I just had one question and I may have been misremembering or have misunderstood the record so set me straight if I'm wrong but does the final judgment say that the government is not bringing any additional charges pursuant to the plea agreement the way it normally would? No normally the way the judgment is structured it specifies like there's the line where you write in such charges were dismissed by oral motion of the government because there weren't any charges dismissed that box wasn't checked. Okay so so in your view the judgment is consistent with the plea agreement? Yes. Okay. In our view it is consistent with the plea agreement and I would certainly also suggest your honors that if for example we had failed to move for the third point of acceptance of responsibility or if all of a sudden we decided we wanted to bring related charges I would submit to you that the defendant would be arguing that this is a binding plea agreement and we cannot do that nor would we because we believe that this is a binding plea agreement and that its terms are effective on both parties in all respects and we're simply asking for the benefit of our bargain. The defendant agreed to waive his right to appeal and we want him to be held to that. If your honors would like I can turn to the sentencing issues very briefly. We think that the district judge provided a very individualized and thoughtful sentencing of this defendant. The defendant's own brief acknowledges if you look at pages 6 and 7 of the brief and then also I believe around 12 it goes through some of the statements that the court made that were responsive to the defendant's arguments about military service, minimal criminal, no criminal history, the rehabilitation efforts. Also the court did discuss the number of images, the seriousness of the images. They were heinous. The court specifically said it it is difficult to read. So although the court never said the 1,900 images of child pornography and 96 videos of child pornography were a small percentage of your overall collection, we think that that misses the mark. We think that the court responded to the heart of the defendant's argument there which was an attempt to minimize the scope of the conduct and the court responded to that. The court responded by saying this is extremely serious. You have an enormous number of images. There were 57 known victims and countless more whose lives are forever changed by your conduct. Beyond that the district judge specifically responded to the guidelines policy argument. The way that the defendant framed his argument about he said that the guidelines were antiquated and then he immediately goes into talking about how other judges in other districts have chosen to vary on this and the court responded to that directly. The court said I understand your argument about other judges varying for these for various reasons. I don't think that is appropriate here and he goes on to say which I think again reinforces the idea that this was a very individualized and thoughtful explanation. The judge goes on to say each case is unique. Each case is an individual case with an individual judge who has to determine what sentence is sufficient but not greater than necessary for this person in light of all the 3553a factors and then he went on to explain why he was not going as high as the government requested nor was he going as low as the defendant requested. Instead he was imposing a sentence at the bottom of the advisory guideline range. Ms. Fritz, I have a question about this and that is the question that Mr. Soloff was raised a question concern that he was suffering from a mental situation condition that was almost somewhat compulsory, pornographic, those type things beyond just rehabilitation but the whole idea that the mitigator was you had a fragile profile person who was who led him to be want to this type of behavior. Where did the court address that aspect of it? That's that's different than rehabilitation. This goes to the mind of the person before that in terms of whether or not it was an record that the court addressed that aspect of the argument. Can you tell me where and how if he did? I believe on page I believe around page 113 the court does talk about how in his assessment based on the defendants intelligence that he knew that what he was doing was wrong. So I think that that is an awareness of the wrongfulness of his conduct and his decision to nevertheless engage in the same conduct from 2000 through 2017. This wasn't an aberrant period. The rehabilitation did not start until after he was caught and the court was convinced that the defendant knew his conduct was wrong. But he doesn't have to reach the McNorton rule in terms of not knowing the difference between right and wrong for at this stage to consider a mitigator that he had problems that led to this being of a somewhat impulsive if not directly compulsive behavior. That was his argument and that doesn't seem to be frivolous. I mean people very intelligent can be under these type of situation with pornographic material and other things like that. But that's a different question whether or not he would reach the sense of right and wrong. You can know that very well but still have some compulsion like person who may be for example not this case but schizophrenic for example. They could very well know their behavior but because of their malady they want to do those things and they're asking for that to be considered when you decide what the sentence should be. That's what a mitigator that's an individualized thing. That's different than somebody who's never been having a problem before they go to rehabilitation. This his argument was before this. This was consistent with his thing that he was dealing with. And then you're right maybe it was being arrested and convicted and this may have led him to rehabilitation but that doesn't address his anti-charge and where he was how he was then. I don't see where he addressed that. You're right. He certainly didn't say you're a smart person. You're intelligent. You know what you were doing. This is horrible. That's right. But that's why we look at non-frivolous mitigators. And you're right. This case is fraught with all kinds of situations where it was horrible pornographic material. We don't even want to talk about it. But the question is I just don't see where the court addressed that. But that's what you said addressed that. Well, if I may add to that, I think that we have a combination obviously of the court acknowledging his intelligence and his awareness of it being wrong. I think later on that same page, however, the court does note that there were gaps in his collection of child pornography. You have activity from 2000 to 2002. And he goes through and he acknowledges that there were gaps. So to the extent that I think that although the defendant had engaged in this conduct over a very long period of time, the record reflects that there were gaps, which would run counter to the idea that this was that the child pornography collection was a compulsion that he was unable to manage. And we believe that a 151 month sentence was absolutely procedurally and substantively reasonable. However, we would ask the court not to reach that issue, and instead find that the plea agreement was on both parties accepted by the court and dismiss this appeal pursuant to the plea agreement. Thank you, Ms. Fritz. Thank you. Mr. Howard, you have some time reserved. Mr. Howard? Are you muted, Mr. Howard? You have to unmute yourself. Am I loud and clear now, sir? Yeah, you're good. I'm sorry. Before you start off, let me ask this question. You know, it seems to me, we've said countless times in terms of Fourth Circuit jurisprudence, a plea agreement in terms of enforcement is a contract between the government and the defendant. It's in contract terms. And there's nothing that says there wasn't a meeting of the minds in any way in this contract. And you don't challenge that. You only challenge what seemed to be that it was not ratified by the court, which means formally accepting it. Well, if that's the case, your argument is, then basically you're saying that the whole thing is off. You can't cherry pick it. Or that means I get to the provision that says no waiver, that falls away. I get a appeal these things. No, wouldn't it be like what I kind of understood Ms. Fritchman saying with, of course, she doesn't want this to be the result, but she said that wins the day, then the whole thing is off. And it works on both sides. That means that your client doesn't have a plea agreement at all now because it wasn't ratified, if that's the case, because this is a contract between you. And if ratification is necessary to that degree, then somehow there's no contract. Otherwise, you can't rip over, okay, there's no contract now. I want that provision, but I want this one. I want that one. Can you address that? How can you say that you haven't been trying to have your cake and eat it? Your Honor, we are absolutely running that risk. We believe that the court as a result, you are empowered then to examine the procedural substance of this list. And towards that escape point, if I may, sir, I would just say... Well, why should we examine something that's an illegal plea? No, we go back and say your client can then exercise the rights to plead not guilty, have witness come before them and do all of those things. Why would we do that? Well... Why do we take... Why would we do that? Why would we cherry pick your contract? If you prevail, then you have no contract. There's no plea agreement. That's between you and the government. I mean, that would be... That's a little judicial activism in it. We're gonna say, we didn't... The District Court failed to ratify it, therefore, we're gonna let you decide which part of... What provisions of the contract that doesn't exist now would be enforced. That seems to be inconsistent. Well, Your Honor, we just believe that the issue before this court right now is, is the waiver effective? And it's effective if the District Court accepted it, but it didn't. And as a result, the waiver is... I have one question. I understand. Are you saying on the record, you don't mind risking that your client would go back with no plea agreement and you just go back to pleading guilty or not guilty of his choice? Is that right? Your Honor, that's the risk we run because we believe a substantively and procedurally reasonable sentence would be a better outcome for him. Well, but to follow up on what Judge Gregory said, you leave yourself open for getting a much bigger sentence that we would still... That the District Court would conclude is appropriate and we would affirm. So, I mean, looking at sort of all of the risks here, you still are pursuing this argument, right? Your Honor, he's served about 12 and a half years. He did not manufacture. I'm not terribly concerned about worst case scenarios. I would just... More fully explaining his response to the significant rehabilitation effort that was... That was the central piece of his sentencing argument and not responding to the central piece is what this court held in 2020 in the United States. Counsel, I'm sorry. I'm just having a hard time here. Exceptional rehabilitation and recovery was the central thrust of his argument. And then what did you say after that? Yes, Your Honor. It's the central piece because I've taken that from this court's opinion and I can see if you don't hear me that well, so I'll get closer. Is that helping? Yes, thank you. This court held in 2020 in the United States versus Fluid that where a district court failed to respond to the central thesis of a defense mitigation argument, it needed to be vacated. Can I ask you a question? Sorry, I just wanna stop you there and ask for clarification. So that is also how I read both the district court transcript and your brief, that the thrust of this mitigation argument was about the concededly very exceptional rehabilitation and recovery efforts. Was there a separate argument made either before the district court or in your brief on appeal that put to one side the recovery and the rehabilitation, just the argument that Judge Gregory was outlining, put that to one side. This is the product of a mental issue and a compulsion and the sentence ought to reflect that as well because I don't see that as a separate argument before the district court, but if there is somewhere where it exists, I would like to know. We would suggest that's implicit in the rehabilitation efforts that were made. The court referred to it as him being sober and that, I guess, is an appropriate term. It's not an adequate response, we would suggest, to the extent of rehabilitation he had undergone. I got you. So it's sort of implicit he needed the rehabilitation and the recovery because there was a problem. Yes, John. And finally, if I may, we would point out that the pre-sentence court is statutorily mandated. It happens by obligation of law, whether there's a plea agreement or not. The court's reference to the PSOR calculations is something that must happen because they have to determine the advisory outcome range, but it's not necessarily, or by any stretch of the imagination, evidence that the court has accepted the plea agreement. And with that, thank you very much and we would close. Thank you so much, Mr. Howard, District. We appreciate your arguments. We're sorry we can't come down and greet you personally, but nonetheless, we're very appreciative of your fine work and your efforts. Thank you for your arguments. Be safe and stay well. Thank you. Thank you, Adam.
judges: Roger L. Gregory, Diana Gribbon Motz, Pamela A. Harris